Jay A Woidtke
State Bar Number 084185
20320 Redwood Road
Castro Valley, CA 94546
(510) 881-5026
Objecting Creditor,

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re:                                    ) Bk. Case No. 15-43763
                                          ) Chapter 13
                                          )
David Timothy Marks and Norma Alicia      ) OBJECTION TO CONFIRMATION OF
Marks,                                    ) FOURTH AMENDED CHAPTER 13 PLAN
                                          )
            Debtor(s                      ) Confirmation Hearing
                                          ) Date:  May 24, 2016
                                          ) Time:  1:30 p.m.
                                          ) Place: U.S. Bankruptcy Court
                                          )        1300 Clay St. Courtroom 215
                                          )        Oakland, California
                                          )

**TO THE HONORABLE CHARLES NOVAK, UNITED STATES BANKRUPTCY JUDGE, MARTHA G. BRONITSKY, CHAPTER 13 TRUSTEE, THE DEBTORS, AND THE DEBTORS' ATTORNEY:**

    Objecting creditor Jay A. Woidtke is the current holder of the note secured by the second deed of trust on the Debtor's residence.

    The creditor objects to the confirmation of the debtors' Chapter 13 plan as having not been filed in good faith and as not complying with the provisions of Chapter 13 and the applicable provisions of 11 U.S.C. Title 11. Since there is no automatic stay in effect, the filing of any Chapter 13 plan fails to serve any purpose for the debtor, or for creditors.

    The Fourth Amended plan does not propose to cure the arrears in equal monthly payments, and does not propose to make adequate protection payments. The Debtor's amended Schedule J makes no provision for post filing payments on the obligation.

No payments have been made by the debtors on this loan in at least three years.

If the information in the documents filed by the debtors in this case is accurate, and the monthly payment to the senior lienholder is actually $3100 per month, the listed arrears of $242,000 indicate that the debtor's have failed to make payments for a minimum of 78 months, or at least 6 years. In the last 6 years the debtors have filed a minimum of 5 bankruptcies, and it appears that the series of bankruptcies has been filed only to allow the debtors to continue to live in their residence without making payments.

The plan as proposed does not call for the property to be immediately placed on the market for sale, but merely indicates an intention to market the property within 12 months. This places all of the risk of loss on the objecting creditor, while preserving any possible increase in the value of the property within the hands of the debtors.

I wrote letters to the Debtors and had a discussion with the Debtor Daniel Marks last summer, and he requested that I hold off on any foreclosure, while he either successfully completed a pending loan modification in the following two weeks, or they would place the property on the market for immediate sale. Instead of marketing the property, the debtor's delayed, failed to make any payments on my loan, and failed to make payments on the senior lien. That delay of six months has eaten into my equity cushion by at least $18,000. It is unclear whether the debtors have made post filing payment to the senior lienholder since filing, and the delay caused by this present filing may be significantly more.

I would not object to a plan where the debtors proposed to place the property on the market now, make all post filing payments to the senior lienholder, provide proof of insurance paid for by the debtors, and allow for 60 days to close escrow, subject to applying to the court for additional time to close the escrow if appropriate.

It appears that there is no automatic stay in effect at this time, which means that, as the holder of the junior lien, I have no protection against foreclosure by the senior lienholder.

Based on the foregoing, the undersigned respectfully requests that the Court deny confirmation of the debtors' Chapter 13 plan, and for such other relief as the Court deems just and proper.

Dated April 14, 2016

Jay A. Woidtke